UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**KILGORE MARINE SERVICES LLC**         **CASE NO.  6:24-CV-00698***

**VERSUS**                              **JUDGE DAVID C. JOSEPH**

**SEATREPID INTERNATIONAL LLC**         **MAGISTRATE JUDGE CAROL B. WHITEHURST**

***Also to be filed in Case No. 6:24-CV-00715**

## MEMORANDUM ORDER

Before the Court is SeaTrepid International, LLC's Motion to Consolidate this case with *SeaTrepid International, LLC v. M/V Warren Thomas, et al*, Case No. 6:24-CV-00715. (Rec. Doc. 11). Kilgore Marine Services, LLC opposed the motion. (Rec. Doc. 13). Defendants in No. 24-CV-00715 also opposed the motion, but, not having been served with motion, did not file an opposition. Counsel presented arguments at a telephone hearing on August 29, 2024.

The pleadings in these cases allege that Kilgore and SeaTrepid entered into a Master Charter Agreement, pursuant to which Kilgore supplied SeaTrepid with the *M/V Warren Thomas* for a remotely operated vehicle (ROV) inspection of an offshore platform. Kilgore subcontracted with Supreme Offshore Services, Inc. for the vessel. An incident occurred which SeaTrepid blames on the vessel's crew. Kilgore filed a Petition for Suit on Open Account in April 2024 in state court against

SeaTrepid, seeking payment for unpaid charter fees. (Rec. Doc. 1-1). SeaTrepid removed to this Court. At around the same time, SeaTrepid filed a separate suit against Kilgore, Supreme Offshore, and the vessel *in rem* seeking to recover for damage to its ROV and other damages incurred from the incident. (24-CV-00715 Doc. 1). SeaTrepid now seeks to consolidate the two suits.

F.R.C.P. Rule 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."

The district court has broad discretion in determining whether to consolidate cases, and consolidation may properly be denied where the cases are at different stages of preparedness for trial. *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 762 (5th Cir. 1989). A nonexhaustive list of factors courts consider when deciding a motion to consolidate includes: (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will

reduce the expense of trying the case separately. *Crescent Bank & Tr. v. Cadle Co. II*, No. CV 21-3961, 2021 WL 6616587, at *1 (W.D. La. Dec. 13, 2021).

SeaTrepid argues consolidation is appropriate because both cases arise out of the same incident. Kilgore disagrees, arguing its claims against SeaTrepid encompass only its unpaid invoices incurred pursuant to the charter agreement. Whereas, Kilgore contends, SeaTrepid's claims relate to liability for the incident, which are irrelevant to its open account claims.

The Court agrees that consolidation is not warranted. Although the claims involve some of the same parties, the claims are distinct. This suit (24-CV-00694) concerns Kilgore's claim for payment under its charter agreement with SeaTrepid. The other suit (24-CV-00715) concerns SeaTrepid's claims for property damage arising out of Kilgore's alleged negligence and/or breach of contract in the underlying incident. Because the claims are distinct, the Court does not appreciate the possibility for inconsistent judgments. Further, consolidation could unnecessarily increase the costs of litigation by requiring Kilgore's counsel in this case (different from Kilgore's counsel as a defendant in 24-CV-00715) to participate in discovery and proceedings in both cases. Hence, although some issues may overlap, the Court denies consolidation. See also *H&E Equip. Servs., Inc. v. Transportation & Logistical Servs., Inc.*, No. CV 20-365-JWD-SDJ, 2021 WL

9648981, at *2 (M.D. La. Dec. 6, 2021) (denying consolidation in an analogous case).

Accordingly,

IT IS ORDERED that SeaTrepid International, LLC's Motion to Consolidate (Rec. Doc. 11) is DENIED.

Signed at Lafayette, Louisiana on this 29th day of August, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE